UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ET SOLAR, INC., <br>                Plaintiff, <br>     v. <br> SUMECHT NA INC., <br>               Defendant. | Case No. 20-cv-06061-LB <br><br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: ECF No. 14 |

**INTRODUCTION**

Plaintiff ET Solar sued defendant SUMECHT (d/b/a Sumec) for breach of contract and related state claims under California law because Sumec allegedly did not pay for solar modules that it bought from ET Solar.[1] The issue is whether the court has diversity jurisdiction to decide the dispute. 28 U.S.C. § 1332(a). Sumec allegedly owes ET Solar over $5 million, an amount that exceeds the $75,000 amount-in-controversy threshold in § 1332(a). Sumec contends that a subsequent contract discharged the debt and so contests the amount in controversy. It also contends that the parties are not diverse. The court can decide the motion without oral argument.

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-06061-LB

1  Civil L. R. 7-1(b). Because the parties are not diverse, the court dismisses the case for lack of
2  diversity jurisdiction.

## STATEMENT

ET Solar is a California corporation with a principal place of business in Pleasanton, California.[2] It manufactures and sells solar panels and other energy-related products.[3] According to the complaint, Sumec is a Texas company with a principal place of business in Georgia and does business in California.[4] Sumec's June 2020 corporate filings with the California Secretary of State show a "principal office" in Costa Mesa, California, and list at that address its CEO, Secretary, and CFO.[5] Sumec's declaration in support of its jurisdictional challenge to the complaint states that it is was formed in Texas, is registered in California, and has a principal place of business in California.[6] It has only a corporate registration in Texas and Georgia, and it has no offices or employees in either state.[7] "Records for the company are located and maintained in the California office."[8] Tianyu Feng is the only employee in North America.[9] Sumec has had three locations for its offices since 2014, all in California: the current office is in Costa Mesa, California.[10] Sumec's website and Twitter page lists its address as "3939 Royal Dr NW Unit # 234[,] Kennesaw, GA 30144."[11]

---

[2] *Id.* at 2 (¶ 2).

[3] *Id.* at 2 (¶¶ 2, 7).

[4] *Id*. (¶ 3).

[5] Sumec Corp. Statement of Info., Ex. 2 to Req. for Judicial Notice ("RJN") – ECF No. 15 at 10. The court takes judicial notice of the public-record filings. Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Zavala v. Deutsche Bank Tr. Co. Am.*, No. C 13-1040-LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (filings with the California Secretary of State).

[6] Feng Decl. – ECF No. 19-1 at 2 (¶ 5).

[7] *Id.* (¶ 7).

[8] *Id.* (¶ 5).

[9] *Id.* (¶ 6).

[10] *Id.* at 1 (¶¶ 1–4).

[11] Exs. 1–2 to Daryanani Decl. – ECF No. 17-1 at 4–8.

United States District Court
Northern District of California

1  In March 2016, the parties entered into a contract whereby ET Solar would sell solar modules
2  to Sumec for $10,413,546.19.[12] The contract has a binding arbitration clause that requires
3  submission of any disputes under the contract to the "China International Economic and Trade
4  Arbitration Commission (CIETAC) for arbitration." The venue for arbitration is Shanghai, and the
5  contract has a choice-of-law provision requiring "the law of the People's Republic of China."[13]
6  ET Solar delivered the modules, but Sumec allegedly paid only half of the contract price,
7  resulting in a balance due of $5,662,639.11.[14] In November 2016, the parties modified their
8  contract (in a "Circle-Out Agreement") that provided that Sumec would pay the amounts due
9  directly to a company called Jiangsu Xinqi Materials Trading Company, which sold the modules
10 to ET Solar for resale to Sumec.[15]
11 The parties consented to magistrate jurisdiction.[16]

## STANDARD OF REVIEW

A complaint must contain a short and plain statement of the ground for the court's jurisdiction (unless the court already has jurisdiction and the claim needs no new jurisdictional support). Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1) jurisdictional attack can be either facial or factual. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet,* 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and

---

[12] Compl. – ECF No. 1 at 2 (¶ 8); Purchase Contract, Ex. A to Compl. – ECF No. 1-1 at 2.

[13] Purchase Contract, Ex. A to Compl. – ECF No. 1-1 at 4.

[14] Compl. – ECF No. 1 at 2–3 (¶¶ 9–10).

[15] Circle-Out Agreement, Ex. 4 to RJN – ECF No. 15 at 15–16. The court considers the agreement under the incorporation-by-reference doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see* Compl. – ECF No. 1 at 3 (¶ 11) (parties signed additional agreements).

[16] Consents – ECF Nos. 7, 11.

ORDER – No. 20-cv-06061-LB    3

construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). The defendant makes a factual attack because it relies on extrinsic evidence.

For diversity jurisdiction, there must be complete diversity of citizenship amongst opposing parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

## ANALYSIS

Sumec moved to dismiss for lack of diversity jurisdiction and, alternatively, based on the arbitration clause.[17] The court dismisses the case because it lacks diversity jurisdiction.

A corporation is "a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court defined a corporation's "principal place of business" as its "nerve center:"

> [A] "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012). A corporation's "nerve center" is its only "principal place of business:" "[f]or example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal

---

[17] Mot. – ECF No. 14 at 1–2.

place of business' is New York." *Hertz*, 559 U.S. at 96 (the nerve-center test provides a necessary "clearer rule").

Sumec's principal place of business is in California, and it has no U.S. offices anywhere else. It thus is a citizen of California. ET Solar contends that Sumec's Georgia address changes this outcome. It does not. Its website lists a unit, but Sumec's declaration says that its only U.S. office is in California. Also, the telephone number on the website has area code 562, which is in Los Angeles County.[18] ET Solar has the burden of establishing the court's diversity jurisdiction. In the face of Sumec's factual challenge to jurisdiction, ET Solar has not met that burden. *Kokkonen*, 511 U.S. at 377.

As to the amount in controversy, the debt is disputed, but ET Solar claims that Sumec owes it more than $5 million. That meets the amount-in-controversy requirement. That said, ET Solar cannot plead around the parties' contracts, and it has knowledge of the debts it is owed. In any amended complaint, it should provide more detail about the superseding contract and why it does not alter the amount it is owed.

## CONCLUSION

The court dismisses the complaint because it lacks diversity jurisdiction. The court grants the plaintiff's request for limited jurisdictional discovery.[19] The parties must confer on a timeline for the discovery and the filing of any amended complaint and update the court by January 7, 2021. At that point, the court will continue the January 14, 2021 initial case-management conference until after the parties' proposed motions and hearing schedule.

**IT IS SO ORDERED.**

Dated: December 16, 2020

_____
LAUREL BEELER
United States Magistrate Judge

---

[18] Ex. 1 to Daryanani Decl. – ECF No. 17-1 at 4. The court takes judicial notice of the area code.

[19] Opp'n – ECF No. 17 at 4.

ORDER – No. 20-cv-06061-LB    5